Filed 10/25/23  P. v. Ceron CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062281 |
| v. | (Super. Ct. No. 01CF0449) |
| CARLOS ERNESTO CERON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Patrick H. Donahue, Judge.  Affirmed.

Leslie Conrad, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Carlos Ernesto Ceron appeals the denial of his petition for resentencing under Penal Code section 1170.95.[1]  However, his appellate attorney was unable to find any arguable issues in the record, and we have not detected any either.  Therefore, we affirm the trial court's denial order.

BACKGROUND

In 2003, appellant was convicted of conspiracy to commit murder and first degree murder with a lying-in-wait special circumstance.  (§§ 182, subd. (a)(1), 187, subd. (a), 190.2, subd. (a)(15).)  The trial court sentenced him to life in prison without parole, and we affirmed the judgment on appeal.  (*People v. Ceron* (Apr. 22, 2005, G033152) [nonpub. opn.].)

In 2019, appellant petitioned for resentencing under section 1170.95.  The trial court denied the petition on the basis appellant failed to make a prima facie showing for relief.  On appeal, we affirmed the denial order because appellant was not convicted of murder under the felony murder rule or the natural and probable consequences doctrine.  (*People v. Ceron* (Oct. 1, 2020, G058998) [nonpub. opn.].)

Section 1170.95 was subsequently expanded to permit resentencing for a defendant who was convicted of murder under any theory in which malice was imputed to him based solely on his participation in a crime.  (Sen. Bill No. 775 (2021-2022 Reg. Sess.) eff. Jan. 1, 2022. (Stats. 2021, ch. 551, § 2).)  In the wake of that amendment, appellant filed a new petition for resentencing.  However, that petition was also summarily denied.

In this appeal, appellant's appointed counsel filed a brief raising no issues but requesting that we independently review the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216.  We informed appellant of his right to file a supplemental brief,

---

[1]  In 2022, that section was renumbered without substantive change as Penal Code section 1172.6. (Stats. 2022, ch. 58, § 10.)  We will cite to Penal Code section 1170.95 for ease of reference.  All further statutory references are to the Penal Code.

however, he declined to do so. Exercising our discretion and in the interest of justice, we have examined the entire record for any arguable issues. (See *id*. at p. 230.) But our examination has only confirmed counsel's conclusion there is no arguable issue. Appellant's petition was properly denied.

## DISCUSSION

As noted above, a defendant may now petition for resentencing if he was convicted of murder under the felony murder rule, the natural and probable consequences doctrine, or any other theory under which malice was imputed to him based solely on his participation in a crime. (§ 1170.95, subd. (a).) However, appellant's jury was not instructed on any theory of imputed malice, and by finding appellant guilty of conspiracy to commit murder and lying-in-wait murder, it necessarily determined he acted with express malice. (CALJIC Nos. 8.69, 8.80.1, 8.81.15.1; *People v. Medrano* (2021) 68 Cal.App.5th 177, 184-186; *People v. Robbins* (2018) 19 Cal.App.5th 660, 670.) Therefore, he is outside the scope of section 1170.95, and the trial court properly denied his petition at the prima facie stage of the proceedings. (*People v. Strong* (2022) 13 Cal.5th 698, 708; *People v. Lewis* (2021) 11 Cal.5th 952, 971.) There is no arguable basis for disturbing that decision.

## DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.


                                        BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.


3